IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 143

| | |
|---|---|
| ERIC MARCEL BECHARD, </br></br> Plaintiff, </br></br> v. </br></br> ANDREW SAUL, </br>Acting Commissioner of the Social </br>Security Administration, </br></br> Defendant. | MEMORANDUM OPINION </br>AND </br>ORDER |

This matter is before the Court on the parties' cross motions for summary judgment. Docs. 12 & 14.[1]

I. **Procedural History**

On January 18, 2017, Plaintiff Eric Marcel Bechard ("Plaintiff") filed an application for disability and disability insurance benefits under Title II of the Social Security Act. Transcript of Administrative Record ("AR") pp. 185-191. Following denial of Plaintiff's claim on initial review and reconsideration, a hearing was held on September 5, 2018, in Charlotte, North Carolina, where Plaintiff appeared and testified. AR pp. 32-82.

On October 16, 2018, the Administrative Law Judge ("ALJ") issued an

---

[1] The parties have consented to the disposition of this matter by a United States Magistrate Judge. Docs. 9 & 10.

1

unfavorable decision. AR pp. 12-31. The Appeals Council denied Plaintiff's request for review of that decision and, on May 2, 2019, Plaintiff timely filed the instant action. AR pp. 1-6 & Doc. 1. Accordingly, Plaintiff exhausted his administrative remedies and the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to apply a five-step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v.

Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant throughout the first four steps of this five-step process to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant is capable of performing other work, considering the claimant's RFC, age, education, and past work experience. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of "Degenerative disc disease; Bilateral upper extremity arthralgias and strain (worse on the left); Arthritis; Radiculopathy; Headaches; Gout; Left hip pain; Hypertension; PTSD; [and] Alcohol use disorder." AR p. 17. The ALJ further found that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except he is limited to occasional overhead reaching and frequent reaching in all directions with the bilateral upper extremities. He is also limited to frequent pushing and pulling and frequent handling and fingering bilaterally. He can frequently climb ramps and stairs, but should never climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to unprotected heights, moving mechanical parts, and loud noise. The claimant can perform simple routine tasks involving simple work related instructions and directions, but not at a production

3

> rate pace such as assembly line work. He is capable of sustaining concentration and pace for 2-hour segments during a standard 8-hour workday. Only occasional interaction with supervisors, coworkers, and the public. He is limited to routine changes in an unskilled work setting.

AR p. 20.

Applying this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work but could perform other work such that Plaintiff was not disabled from September 1, 2016 (Plaintiff's alleged disability onset date) through October 16, 2018 (the date of the ALJ's Decision). AR pp. 25-27.

## IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applied the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it

4

Case 1:19-cv-00143-WCM Document 16 Filed 06/09/20 Page 4 of 11

does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis

Plaintiff makes two allegations of error: (1) that the ALJ did not correctly weigh a decision by the Department of Veterans' Affairs ("VA") regarding Plaintiff's disability, and (2) that the ALJ's RFC was not supported by substantial evidence.

### A. VA Disability Decision

Although "[a] disability decision by another entity does not bind the SSA," the Fourth Circuit has held that "'the [prior] disability determination of a state administrative agency is entitled to consideration.'" Woods v. Berryhill, 888 F.3d 686, 691 (4th Cir. 2018) (citing DeLoatche v. Heckler, 715 F.2d 148, 150, n. 1 (4th Cir. 1983)). With respect to disability decisions by the Department of Veterans Affairs ("VA"), the Administration must give these disability decisions "substantial weight," unless "the record before the ALJ clearly demonstrates that…a deviation is appropriate." Bird v. Commissioner of Social Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012). In the "related

5

context" of disability decisions by the North Carolina Department of Health and Human Services, the Fourth Circuit has explained that in order to demonstrate that deviation from the substantial weight standard is appropriate, the ALJ must provide "persuasive, specific, valid reasons for doing so that are supported by the record." Woods, 888 F.3d at 692.

Here, the VA previously assigned Plaintiff an "overall or combined" disability rating of 100%. AR pp. AR p. 182.[2] In his October 16, 2018 Decision, the ALJ noted that Plaintiff "alleged that he is unable to work because he is 100% disabled per the Veterans Administration due to PTSD, gout, arthritis, and nerve damage" and that with respect to his alleged mental impairments, Plaintiff had "received a 70% disability rating from the VA for PTSD." AR pp. 20 & 22. However, the ALJ assigned the VA rating "little weight." AR p. 21.

The ALJ acknowledged that under Bird, a decision to assign the VA rating little weight must be supported by "explicitly detailed" reasons where "the 'record before the ALJ clearly demonstrates that such deviation is appropriate.'" AR p. 21 (quoting Bird, 699 F.3d at 343). With respect to Plaintiff's physical impairments, the ALJ cited and discussed medical records reflecting physical examinations during which Plaintiff displayed normal

---

2 The VA disability rating is calculated from a combined rating table that considers the effect from the most serious to the least serious conditions. See AR, pp. 162-184.

range of motion, normal gait, and normal strength.[3] With respect to Plaintiff's mental impairments, the ALJ cited and discussed the findings of a January 3, 2018 psychological consultative exam[4] and Plaintiff's mental health treatment records reflecting unremarkable mental status findings.[5]

In view of the ALJ's discussion of this evidence, the undersigned finds that the ALJ adequately supported his decision to give the VA disability determinations little weight. See Coggin v. Saul, No. 3:18-CV-00555-KDB, 2019 WL 7019398, at *4 (W.D.N.C. Dec. 20, 2019) (finding no error in ALJ's

---

[3] AR p. 21 (citing AR p. 435 (November 2016 record reflecting good range of motion in upper extremities, full range of motion of the right lower extremity (hip, knee, foot, and ankle), decreased range of motion in left hip, and that Plaintiff was able to get up and down easily); p. 1041 (April 2017 VA record reflecting that Plaintiff demonstrated normal gait and full range of motion in the neck and shoulders); p. 1320 (June 2017 orthopedic notes indicating Plaintiff benefitted substantially from physical therapy for his hip and demonstrated significant improvement in his strength); p. 1317 (December 2017 treatment note reflecting Plaintiff was "walking well" and had "[r]eally no discomfort"); p. 1403 (February 2018 treatment note reflecting Plaintiff was in no apparent discomfort and displayed a steady gait, had full motor strength and full range of motion); p. 1391 (May 2018 treatment note reflecting full range of motion in all extremities)).

[4] AR p. 22 (discussing January 3, 2018 consultative exam wherein Plaintiff was noted to be polite and cooperative, with no evidence of psychotic symptomology, and with normal speech, rational thought process, and memory, recall, and abstract thinking within normal limits (See AR p. 1364)).

[5] AR p. 23 (citing AR pp. 1178-1187 (February 2017 neuropsychology consult record reflecting Plaintiff had no difficulty understanding and following test instructions, attended carefully to tasks, was alert and oriented with clear and coherent speech, normal thought process, displayed moderate impairment in attention and concentration but an average range of functioning in memory recall); p. 1403 (February 2018 progress note recording Plaintiff's mood and affect as "pretty good"); p. 1367 (July 2018 VA treatment note reflecting Plaintiff presented in no acute psychological or emotional distress and in no need of any additional emergency mental health intervention)).

7

decision to give little weight to the plaintiff's VA disability ratings because "the ALJ expressly considered the available medical evidence and opinions from the VA in determining Plaintiff's RFC and the weight to give the VA ratings"); Green v. Berryhill, No. TMD 15-3467, 2017 WL 1048155 at *9 (D. Md. March 20, 2017) (finding no error where "the ALJ adequately explained his decisions for assigning the VA disability ratings little weight"); but see Ramon M. v. Berryhill, No. CV CBD-18-2025, 2019 WL 2436938, at *5 (D. Md. June 10, 2019) (finding that the ALJ erred in giving less weight to plaintiff's VA rating because he failed to "identif[y] what in the VA's determination the ALJ found not to be credible and cit[e] to evidence in the record that supports his conclusion").

### B. RFC

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. The Commissioner is responsible for determining the claimant's RFC based on all the relevant evidence. Johnson, 434 F.3d at 653. In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec.,
8

769 F.3d 861, 865 (4th Cir. 2014).

Here, the ALJ determined that Plaintiff had the ability to perform light work with some additional limitations. The ALJ further found that Plaintiff had moderate difficulties in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself, AR p. 19, but that Plaintiff retained the ability to perform "simple routine tasks involving simple work related instructions and directions, but not at a production rate pace," was capable of sustaining concentration and pace "for 2-hour segments during a standard 8-hour workday," could have "occasional interaction with supervisors, coworkers, and the public," and was "limited to routine changes in an unskilled work setting." AR p. 20.

The undersigned finds that the ALJ adequately explained how he weighed the subjective and objective medical evidence in reaching his conclusion. The ALJ considered Plaintiff's reported difficulty with lifting, squatting, standing, concentration and getting along with others. However, the ALJ noted several contradictions between Plaintiff's statements and other medical evidence in the record. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 255 (4th Cir. 2017) (The ALJ must "assess the credibility of the claimant's statements about symptoms and their functional effects."). The ALJ relied on medical records reflecting physical examinations during which

9

Plaintiff displayed normal range of motion, normal gait, and normal strength[6] as well as the findings of a January 3, 2018 psychological consultative exam[7] and Plaintiff's mental health treatment records.[8]

Additionally, the ALJ noted that Plaintiff's reported ability to prepare meals, perform light chores, drive, shop, swim, and attend social activities suggested that Plaintiff can remember and apply information while maintaining concentration, persistence and pace for simple tasks, and that he can appropriately interact with others. AR pp. 20 & 23; see also AR p. 19. This information, the ALJ explained, was consistent with the opinions of the State agency medical consultants and examiners, who determined that Plaintiff was capable of light unskilled work, interacting with coworkers and supervisors, and adapting to routine or simple changes in his work environment. AR p. 24.[9] It was also consistent with Plaintiff's physical medical records discussed above.

Accordingly, the ALJ's development of Plaintiff's RFC was supported by substantial evidence and the ALJ's RFC finding should not be disturbed. See Plummer v. Astrue, No. 5:11CV006-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) ("The claimant bears the burden of providing

---

6 See supra n. 3.
7 See supra n. 4.
8 See supra n. 5.
9 See AR pp. 91-94, 108, 111-112, 114-116.

evidence establishing the degree to which her impairments limit her RFC.").

## VI. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 12) is **DENIED** and the Commissioner's Motion for Summary Judgment (Doc. 14) is **GRANTED**.

Signed: June 9, 2020

W. Carleton Metcalf
United States Magistrate Judge